ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAY 1 1 2010

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

UNITED STATES OF AMERICA     :
    :
       v.     :
    :
OPEOLUWA ADIGUN     :
    a/k/a Mary Afolabi, and     :
CHUKWUKA ONYEKABA,     :
    a/k/a Gabriel Onyekaba     :

CRIMINAL INDICTMENT

NO. 1:10-CR-202

~~UNDER SEAL~~

THE GRAND JURY CHARGES THAT:

### COUNT ONE
### (Conspiracy)

1. Beginning on a date which is unknown to the Grand Jury, but as early as in or about May 2006, and continuing through in or about March 2010, in the Northern District of Georgia and elsewhere, the defendants, OPEOLUWA ADIGUN a/k/a Mary Afolabi and CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, did combine, conspire, confederate, agree, and have a tacit understanding with each other and others known and unknown to the Grand Jury, to commit certain offenses, that is, to knowingly and with intent to defraud traffic in and use unauthorized access devices during any one-year period, and by such conduct obtain things of value aggregating at least $1,000 during that period, affecting interstate commerce thereby (a violation of Title 18, United States Code, Section 1029(a)(2)); and to knowingly and with intent to defraud possess at least fifteen unauthorized access devices, affecting interstate commerce thereby

(a violation of Title 18, United States Code, Section 1029(a)(3)).

## MANNER AND MEANS

2.    In or about March 2004, defendant ADIGUN entered the United States from Nigeria under the name Mary Afolabi, an identity she had assumed from another Nigerian individual.  ADIGUN had a Nigerian passport issued in Afolabi's name but with ADIGUN's picture.

3.    Defendant ONYEKABA lived with defendant ADIGUN in an apartment complex on Natchez Trace in Cobb County, Georgia.

4.    In or about November 2006, defendant ONYEKABA formed Gabmike Global Services, LLC, located in Smyrna, Georgia, and registered with the Secretary of State to do business in the State of Georgia.  Defendant ADIGUN worked with ONYEKABA at Gabmike Global Services.  This business was also known as Gabmike Limousine Service.

5.    After entering the United States, defendant ADIGUN applied for a job with the United States Postal Service, in or about January 2008, using the name Mary Afolabi.  In or about May 2008, ADIGUN was hired by the United States Postal Service under the name Mary Afolabi.  She worked in the Hiram Post Office in the Northern District of Georgia as a mail carrier.

6.    In or about August 2008, using the name Mary Afolabi, defendant ADIGUN formed GMO Auto Services LLC, located in Douglasville, Georgia, and registered with the Secretary of State

2

to do business in the State of Georgia.  Defendant ONYEKABA worked
with ADIGUN at GMO Auto Services LLC.  This business was also known
as GMO Auto Service and GMO Auto Sales.

7.    Defendant ADIGUN used her position as a mail carrier to
steal personal identifying information, including credit cards and
credit card information, from individuals on her mail route in
Hiram, Georgia.

8.    Defendant ONYEKABA stole mail from individuals living in
the Northern District of Georgia and, as a result, obtained their
personal identifying information, including credit cards and credit
card information.

9.    Using the personal identifying information they had
stolen from their victims, the defendants obtained and used credit
cards, bank accounts, and loans in the victims' names without the
authorization of the victims.

10.   The defendants used the fraudulent credit cards they
obtained at their businesses, GMO Auto Services and Gabmike Global
Services.  They wrote checks to these businesses from bank and loan
accounts that were opened using the victims' personal identifying
information.  They also purchased gift cards and merchandise with
the fraudulent credit cards.

11.   As the result and in furtherance of the conspiracy and
scheme to defraud set forth above, defendants ADIGUN and ONYEKABA
obtained  thousands  of  dollars  in  cash  which  they  spent  and

deposited in different bank accounts.  They also obtained goods and services by using the fraudulent credit cards without the victims' authorization.

## OVERT ACTS

12.  In furtherance of the conspiracy, and to effect the objects and purposes thereof, defendants ADIGUN and ONYEKABA committed the following overt acts, among others, within the Northern District of Georgia and elsewhere:

(a)  In or about May 2006, using the name Mary Afolabi, defendant ADIGUN opened a personal account at Bank of America into which she later deposited proceeds generated as part of the conspiracy.

(b)  In or about November 2006, defendant ONYEKABA opened a business account in the name of Gabmike Global Services, LLC at SunTrust Bank into which he later deposited proceeds generated as part of the conspiracy.

(c)  In or about October 2008, using the name Mary Afolabi, defendant ADIGUN opened a business account in the name of GMO Auto Services LLC at Regions Bank into which she later deposited proceeds generated as part of the conspiracy.

(d)  In or about November 2006, defendant ONYEKABA formed Gabmike Global Services, LLC, a business where fraudulent credit cards that were obtained as part of the conspiracy were used.

(e)  In or about August 2008, using the name Mary Afolabi,

4

defendant ADIGUN formed GMO Auto Services LLC, a business where fraudulent credit cards that were obtained as part of the conspiracy were used.

(f)   The Grand Jury incorporates by reference as additional overt acts the acts charged in Counts Two through Forty-Six of this Indictment.

All in violation of Title 18, United States Code, Section 1029(b)(2).

COUNT TWO<br>(Access Device Fraud)

On or about March 6, 2010, in the Northern District of Georgia, the defendants, OPEOLUWA ADIGUN a/k/a Mary Afolabi and CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by each other and others known and unknown to the Grand Jury, knowingly and with intent to defraud possessed at least fifteen unauthorized access devices, that is, American Express, Walmart, and Target gift cards that were purchased with fraudulent and stolen credit cards, and that were stolen and obtained with intent to defraud, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

COUNTS THREE THROUGH SEVEN<br>(Access Device Fraud)

In or about February and March 2010, in the Northern District of Georgia, the defendants, OPEOLUWA ADIGUN a/k/a Mary Afolabi and CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by each

5

other and others known and unknown to the Grand Jury, knowingly and with intent to defraud did effect transactions with an access device issued to another person, that is, the access devices identified in Column B, issued to the persons identified in Column C, in order to receive payment and other things of value during a one-year period the aggregate value of which was at least $1,000, affecting interstate commerce thereby:

| A | B | C |
|-------|-----------------------------------------------|--------|
| COUNT | ACCESS DEVICE | PERSON |
| 3 | Chase credit card no.<br>XXXX XXXX XXXX 4193 | R.S. |
| 4 | Barclays credit card no.<br>XXXX XXXX XXXX 8741 | S.S. |
| 5 | American Express credit card no.<br>XXXX XXXXXX 71005 | D.W. |
| 6 | Discover credit card no.<br>XXXX XXXX XXXX 0103 | L.S. |
| 7 | Citi MasterCard credit card no.<br>XXXX XXXX XXXX 6131 | A.M. |

All in violation of Title 18, United States Code, Sections 1029(a)(5) and 2.

### COUNTS EIGHT THROUGH TWELVE
(Aggravated Identity Theft)

In or about February and March 2010, in the Northern District of Georgia, the defendants, OPEOLUWA ADIGUN a/k/a Mary Afolabi and CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of

identification of another person, that person being identified in
Column B, during and in relation to committing the felony violation
identified in Column C:

| A | B | C |
|---|---|---|
| COUNT | PERSON | FELONY VIOLATION |
| 8 | R.S. | Access Device Fraud as alleged in Count 3 of this Indictment |
| 9 | S.S. | Access Device Fraud as alleged in Count 4 of this Indictment |
| 10 | D.W. | Access Device Fraud as alleged in Count 5 of this Indictment |
| 11 | L.S. | Access Device Fraud as alleged in Count 6 of this Indictment |
| 12 | A.M. | Access Device Fraud as alleged in Count 7 of this Indictment |

All in violation of Title 18, United States Code, Sections
1028A(a)(1) and 2.

### COUNTS THIRTEEN AND FOURTEEN
(Bank Fraud)

1.   Beginning on a date which is unknown to the Grand Jury,
but from in or about December 2008 and continuing through in or
about January 2009, in the Northern District of Georgia and
elsewhere, the defendant, OPEOLUWA ADIGUN a/k/a Mary Afolabi, aided
and abetted by others known and unknown to the Grand Jury, did
knowingly and willfully execute and attempt to execute a scheme and
artifice to defraud BB&T, the deposits of which were then insured
by the Federal Deposit Insurance Corporation, and to obtain, by
means   of   materially   false   and   fraudulent   pretenses,

7

representations, and promises moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of the aforementioned financial institution.

2.    The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 11 of Count One of this Indictment as if fully set forth herein.

3.    In or about December 2008, defendant ADIGUN, aided and abetted by others known and unknown to the Grand Jury, opened multiple BB&T accounts using N.M.'s name, without N.M.'s authorization, and an address on Natchez Trace in Cobb County, Georgia, where N.M. did not in fact reside.  In truth, N.M. resided in Hiram, Georgia, at an address located on defendant ADIGUN's mail route.  Defendant ADIGUN, however, did live on Natchez Trace.

4.    After the fraudulent BB&T bank accounts were opened, defendant ADIGUN, aided and abetted by others known and unknown to the Grand Jury, withdrew and attempted to withdraw money from the accounts by negotiating checks written against the accounts to GMO Auto Sales.

5.    On or about the dates set forth below in Column B, in the Northern District of Georgia and elsewhere, defendant ADIGUN, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses,

8

representations, and promises, did knowingly negotiate the checks to GMO Auto Sales identified in Column C, for the amounts identified in Column D, written against BB&T bank account number XXXXXXXXX6342 that was fraudulently opened in N.M.'s name:

| A | B | C | D |
|---|---|---|---|
| COUNT | DATE | CHECK NO. | AMOUNT |
| 13 | 1/3/2009 | 1 | $4,950 |
| 14 | 1/6/2009 | 5 | $3,320 |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FIFTEEN
### (Access Device Fraud)

On or about January 6, 2009, in the Northern District of Georgia, the defendant, OPEOLUWA ADIGUN a/k/a Mary Afolabi, aided and abetted by others known and unknown to the Grand Jury, did knowingly and with intent to defraud traffic in and use an unauthorized access device, that is, Visa credit card number XXXX XXXX XXXX 9986, purportedly issued to N.M., and by such conduct did obtain things of value aggregating at least $1,000 during a one-year period, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT SIXTEEN
### (Aggravated Identity Theft)

In or about December 2008 and January 2009, in the Northern District of Georgia and elsewhere, the defendant, OPEOLUWA ADIGUN

a/k/a Mary Afolabi, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being N.M., during and in relation to committing the felony violations of bank fraud and access device fraud as alleged in Counts Thirteen through Fifteen of this Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNTS SEVENTEEN THROUGH TWENTY-TWO
### (Bank Fraud)

1.    Beginning on a date which is unknown to the Grand Jury, but from in or about December 2008, and continuing through in or about February 2009, in the Northern District of Georgia and elsewhere, the defendant, OPEOLUWA ADIGUN a/k/a Mary Afolabi, aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud JP Morgan Chase Bank, BB&T, and Bank of America, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of the aforementioned financial institutions.

2.    The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 11 of Count One of this Indictment as if fully set forth herein.

3.    From in or about December 2008 through in or about

10

February 2009, defendant ADIGUN, aided and abetted by others known and unknown to the Grand Jury, applied and caused applications to be made to JP Morgan Chase Bank for $25,000 loans under the names of individuals who resided in Hiram, Georgia, at addresses on defendant ADIGUN's mail route. The loan applications directed that the loan proceeds be deposited in BB&T and Bank of America bank accounts opened under names different from those on the loan applications, for individuals who purportedly lived not in Hiram, Georgia, but on Natchez Trace in Cobb County, Georgia. The victims did not authorize the loan applications and bank deposits.

4.     After JP Morgan Chase would deposit the loan proceeds into the BB&T and Bank of America bank accounts, defendant ADIGUN, aided and abetted by others known and unknown to the Grand Jury, withdrew and attempted to withdraw the loan proceeds deposited into the accounts by negotiating checks written against the accounts to GMO Auto Sales, thereby converting and attempting to convert the JP Morgan Chase loan proceeds into fraudulent gains.

5.     On or about the dates set forth below in Column B, in the Northern District of Georgia and elsewhere, defendant ADIGUN, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly negotiate the checks

11

to GMO Auto Sales identified in Column C, for the amounts
identified in Column D, written against the bank accounts
identified in Column E:

| A | B | C | D | E |
|---|---|---|---|---|
| COUNT | DATE | CHECK NO. | AMOUNT | BANK ACCOUNT No. ENDING |
| 17 | 2/9/2009 | 107 | $9,850 | XXXXXXXXX8774  (BB&T) |
| 18 | 1/30/2009 | 105 | $9,850 | XXXXXXXXX3799  (BB&T) |
| 19 | 1/29/2009 | 104 | $8,950 | XXXXXXXXX3799  (BB&T) |
| 20 | 12/18/2008 | 1070 | $9,800 | XXXXXXXX1742  (BOA) |
| 21 | 12/17/2008 | 1072 | $9,980 | XXXXXXXX1742  (BOA) |
| 22 | 12/8/2008 | 1050 | $8,900 | XXXXXXXX6430  (BOA) |

All in violation of Title 18, United States Code, Sections
1344 and 2.

### COUNTS TWENTY-THREE THROUGH TWENTY-SIX
#### (Aggravated Identity Theft)

Beginning in or about December 2008 and continuing through in
or about February 2009, in the Northern District of Georgia and
elsewhere, the defendant, OPEOLUWA ADIGUN a/k/a Mary Afolabi, aided
and abetted by others known and unknown to the Grand Jury, did
knowingly possess and use, without lawful authority, a means of
identification of another person, that person being identified in
Column B, during and in relation to committing the felony violation
identified in Column C:

| A | B | C |
|---|---|---|
| COUNT | PERSON | FELONY VIOLATION |
| 23 | R.C. | Bank Fraud as alleged in Count 17 of this Indictment |
| 24 | D.C. | Bank Fraud as alleged in Counts 18 and 19 of this Indictment |
| 25 | J.H. | Bank Fraud as alleged in Counts 20 and 21 of this Indictment |
| 26 | L.B. | Bank Fraud as alleged in Count 22 of this Indictment |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### COUNT TWENTY-SEVEN
(Immigration Fraud)

On or about December 18, 2008, in the Northern District of Georgia, the defendant, OPEOLUWA ADIGUN a/k/a Mary Afolabi, knowingly made under oath, and knowingly subscribed as true under penalty of perjury, false statements with respect to material facts in a document required by immigration laws and regulations, that is, in a Form N-400, Application for Naturalization, defendant ADIGUN falsely represented that her name was Mary Kemi Afolabi, that she had never used other names, and that she had not ever committed a crime or offense for which she had not been arrested, which representations and statements she then knew to be false, in violation of Title 18, United States Code, Section 1546(a).

### COUNT TWENTY-EIGHT
(Social Security Fraud)

On or about March 26, 2009, in the Northern District of

13

Georgia, the defendant, OPEOLUWA ADIGUN a/k/a Mary Afolabi, did willfully, knowingly, and with intent to deceive the Commissioner of Social Security as to her true identity, furnish and cause to be furnished false information to the Commissioner with respect to information required by the Commissioner of Social Security in connection with the establishment and maintenance of records provided for in Title 42, United States Code, Section 405(c)(2), that is, defendant ADIGUN falsely represented on a Social Security Administration Application for Replacement Social Security Number Card that she was Mary Kemi Afolabi and that her mother's name at her birth was M.O.D.G, which representations and statements she then knew to be false, in violation of Title 42, United States Code, Section 408(a)(6).

COUNT TWENTY-NINE
(Passport Fraud)

On or about August 25, 2009, in the Northern District of Georgia, the defendant, OPEOLUWA ADIGUN a/k/a Mary Afolabi, did willfully and knowingly make a false statement in an application for a United States passport, with intent to induce and secure issuance of a passport under the authority of the United States, for her own use, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, that is, defendant ADIGUN falsely represented on the passport application that her name was Mary Kemi Afolabi and that she had not ever used a different name, which representations and statements she then

14

knew to be false, in violation of Title 18, United States Code, Section 1542.

## COUNT THIRTY
### (Mail Theft)

On or about May 1, 2009, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, did steal, take, and abstract mail matter from a letter box, mail receptacle, and other authorized depository for mail matter, in violation of Title 18, United States Code, Section 1708.

## COUNT THIRTY-ONE
### (Attempted Access Device Fraud)

On or about November 12, 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury, knowingly and with intent to defraud did attempt to traffic in and use an unauthorized access device, that is, American Express credit card number XXXX XXXXXX 12007, purportedly issued to S.T., in order to obtain things of value aggregating at least $1,000 during a one-year period, affecting interstate commerce thereby, in violation of Title 18, United States Code, Section 1029(a)(2) and (b)(1) and Section 2.

## COUNT THIRTY-TWO
### (Aggravated Identity Theft)

In or about November 2007, in the Northern District of Georgia and elsewhere, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the

15

Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being S.T., during and in relation to committing the felony violation of attempted access device fraud as alleged in Count Thirty-One of this Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT THIRTY-THREE
(Access Device Fraud)

Beginning on or about August 13, 2007, and continuing until on or about August 20, 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury, did knowingly and with intent to defraud traffic in and use an unauthorized access device, that is, American Express credit card number XXXX XXXXXX 11009, purportedly issued to M.S., and by such conduct did obtain things of value aggregating at least $1,000 during a one-year period, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT THIRTY-FOUR
(Access Device Fraud)

From a date no earlier than on or about September 5, 2006 through on or about September 4, 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury,

16

knowingly and with intent to defraud did effect transactions with an access device issued to another person, that is, JCPenney MasterCard credit card number XXXX XXXX XXXX 6395, issued to M.S., in order to receive payment and other things of value during a one-year period the aggregate value of which was at least $1,000, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(5) and 2.

## COUNT THIRTY-FIVE
### (Aggravated Identity Theft)

In or about August and September 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being M.S., during and in relation to committing the felony violation of access device fraud as alleged in Counts Thirty-Three and Thirty-Four of this Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT THIRTY-SIX
### (Access Device Fraud)

From a date no earlier than on or about September 5, 2006 through on or about September 4, 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury, did knowingly and with intent to defraud traffic in and use an

17

unauthorized access device, that is, Citi MasterCard credit card number XXXX XXXX XXXX 9486, purportedly issued to R.K., and by such conduct did obtain things of value aggregating at least $1,000 during a one-year period, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

### COUNT THIRTY-SEVEN
#### (Access Device Fraud)

Beginning on or about August 24, 2007, and continuing until on or about September 7, 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury, did knowingly and with intent to defraud traffic in and use an unauthorized access device, that is, American Express credit card number XXXX XXXXXX 41002, purportedly issued to R.K., and by such conduct did obtain things of value aggregating at least $1,000 during a one-year period, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

### COUNT THIRTY-EIGHT
#### (Aggravated Identity Theft)

In or about August and September 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful

18

authority, a means of identification of another person, that person being R.K., during and in relation to committing the felony violation of access device fraud as alleged in Counts Thirty-Six and Thirty-Seven of this Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### COUNT THIRTY-NINE
(Access Device Fraud)

From a date no earlier than on or about September 5, 2006 through on or about September 4, 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury, did knowingly and with intent to defraud traffic in and use an unauthorized access device, that is, Citi MasterCard credit card number XXXX XXXX XXXX 8392, purportedly issued to M.J., and by such conduct did obtain things of value aggregating at least $1,000 during a one-year period, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

### COUNT FORTY
(Aggravated Identity Theft)

On or about September 4, 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being M.J., during

19

and in relation to committing the felony violation of access device fraud as alleged in Count Thirty-Nine of this Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT FORTY-ONE
(Access Device Fraud)

Beginning on or about August 6, 2007, and continuing until on or about September 3, 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury, did knowingly and with intent to defraud traffic in and use an unauthorized access device, that is, Bank of America MasterCard credit card number XXXX XXXX XXXX 3755, purportedly issued to N.G., and by such conduct did obtain things of value aggregating at least $1,000 during a one-year period, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT FORTY-TWO
(Aggravated Identity Theft)

In or about August and September 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being N.G., during and in relation to committing the felony

20

violation of access device fraud as alleged in Count Forty-One of this Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### COUNT FORTY-THREE
(Access Device Fraud)

Beginning on or about August 11, 2007, and continuing until on or about August 28, 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury, did knowingly and with intent to defraud traffic in and use an unauthorized access device, that is, Citi Flex Line account number XXXX XXXX XXXX 6955, purportedly issued to B.P., and by such conduct did obtain things of value aggregating at least $1,000 during a one-year period, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

### COUNT FORTY-FOUR
(Aggravated Identity Theft)

In or about August 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being B.P., during and in relation to committing the felony violation of access device fraud as alleged in Count Forty-Three of this Indictment, in

21

violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### COUNT FORTY-FIVE
(Access Device Fraud)

Beginning on or about July 7, 2007, and continuing until on or about July 24, 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury, did knowingly and with intent to defraud traffic in and use an unauthorized access device, that is, American Express credit card number XXXX XXXXXX 41005, purportedly issued to R.D., and by such conduct did obtain things of value aggregating at least $1,000 during a one-year period, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

### COUNT FORTY-SIX
(Aggravated Identity Theft)

In or about July 2007, in the Northern District of Georgia, the defendant, CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being R.D., during and in relation to committing the felony violation of access device fraud as alleged in Count Forty-Five of this Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and

22

2.

## FORFEITURE PROVISION

1.    Upon conviction of one or more of the offenses set forth in this Indictment, the defendants, OPEOLUWA ADIGUN a/k/a Mary Afolabi and CHUKWUKA ONYEKABA a/k/a Gabriel Onyekaba, shall forfeit to the United States of America:

> (a)    pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s); and
>
> (b)    pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offenses.

2.    If any of the property described above, as a result of any act or omission of the defendants:

> (a)    cannot be located upon the exercise of due diligence;
>
> (b)    has been transferred or sold to, or deposited with, a third party;
>
> (c)    has been placed beyond the jurisdiction of the court;
>
> (d)    has been substantially diminished in value; or

23

(e)   has been commingled with other property which

cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of

substitute property pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 18, United States Code,

Sections 982(b)(1) and 1029(c)(2), and Title 28, United States

Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections

1029(c)(1)(C), 982(a)(2)(B), and 981(a)(1)(C), and Title 28, United

States Code, Section 2461(c).

A ___True___ BILL

FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

STEPHEN H. McCLAIN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6000
Georgia Bar No. 143186

24