IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL CASE NO. |
| | 1:10-cr-00202-RWS-RGV |
| CHUKWUKA ONYEKABA, a.k.a. "Gabriel Onyekaba" | |

**ORDER FOR SERVICE OF MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Criminal Rule 59(2)(a)-(b). Let the same be filed and a copy, with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. Failure to object to this Report and Recommendation

waives a party's right to review.  Fed. R. Crim. P. 59(b)(2).

Pursuant to Title 18, U.S.C. § 3161(h)(1)(F), **the above-referenced fourteen (14) days allowed for filing objections is EXCLUDED from the computation of time under the Speedy Trial Act, whether or not objections are actually filed.**  The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED**, this 21st day of October, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL CASE NO. 1:10-cr-00202-RWS-RGV |
| CHUKWUKA ONYEKABA, a.k.a. "Gabriel Onyekaba" | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant Chukwuku Onyekaba ("defendant"), also known as "Gabriel Onyekaba," is charged in a forty-six count indictment with conspiracy in violation of 18 U.S.C. § 1029(b)(2); attempted access device fraud in violation of 18 U.S.C. §§ 1029(a)(2), (b)(1), and 2; access device fraud in violation of 18 U.S.C. §§ 1029(a)(2), 1029(a)(3), 1029 (a)(5), and 2; and aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. [Doc. 1 at 1-7, 15-22].[1] Pending before the Court is defendant's "Motion for Remand to the Magistrate Judge and Request for Leave to File Additional Motions," [Doc. 133], in which defendant, by and through his fourth counsel in this case, seeks to file pretrial motions to suppress evidence seized in connection with defendant's arrest at a Macy's department store on September 30,

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

2007, and following a traffic stop and arrest of defendant that occurred on May 1, 2009, and requests an evidentiary hearing on these motions, [id.]; see also [Docs. 135, 136, 143, &144]. The parties have briefed the issues raised by defendant's motion, see [Docs. 147 & 148], and the matter is now ready for ruling. For the following reasons, the undersigned Magistrate Judge **RECOMMENDS** that defendant's "Motion for Remand to the Magistrate Judge and Request for Leave to File Additional Motions," [Doc. 133], be **DENIED**.[2]

## I. PROCEDURAL AND FACTUAL BACKGROUND

On May 11, 2010, a grand jury in the Northern District of Georgia returned the pending forty-six count indictment against defendant and co-defendant Opeoluwa Adigun ("Adigun"), also known as "Mary Afolabi." [Doc. 1]. On June 4, 2010, defendant, by and through his attorney R. Gary Spencer ("Spencer"), filed a motion to suppress evidence and statements in which he sought to suppress evidence seized as a result of warrantless arrests made during the years from 2006 through 2009. [Doc. 37]. Subsequently, on June 28, 2010, defendant, by and through Spencer, filed a perfected motion to suppress in which he specified that he sought to suppress evidence seized from a Lincoln Navigator pursuant to a search warrant on

---

[2] Since it is recommended that defendant's motion for remand and request to file additional motions, [Doc. 133], be denied, it is also **RECOMMENDED** that defendant's additional motions to suppress, [Docs. 135 & 136], be **DENIED** for the reasons stated herein.

November 12, 2007, evidence seized following his arrest inside a Macy's department store on September 30, 2007, and evidence seized following a traffic stop and arrest made on May 1, 2009. [Doc. 46]. The Court scheduled an evidentiary hearing on the pending motions to suppress for July 28, 2010. [Docket entry dated 06/09/2010].

Prior to the evidentiary hearing, the Court conducted a conference with counsel on July 16, 2010, regarding the scope of defendant's motion to suppress and counsel agreed that the matter of the Macy's arrest was resolved and did not require a hearing. See [Doc. 142 at 2-6]. Specifically, the government explained that defendant was allegedly observed to be shoplifting in the Macy's department store, and when confronted by the Macy's loss prevention personnel, defendant tried to flee the store but was tackled and then searched by Macy's loss prevention personnel. [Id. at 3]. During the search of defendant's person, the Macy's personnel recovered three credit cards, a driver's license, and cash that the government intends to introduce at trial. [Id. at 3, 6]. Thereafter, the Macy's personnel contacted the Atlanta Police Department ("APD"), and APD officers arrived at the scene, arrested the defendant for shoplifting, and took him downtown for booking. [Id. at 3-4].[3] The government further explained that the Macy's personnel were not law

---

[3] The government represented that the APD officer did not recover any evidence from defendant other than what the Macy's personnel had already taken when they performed their search of defendant, which was outside of the presence of any APD officers. [Doc. 142 at 3-6].

3

enforcement, had no contracts with law enforcement, were employed solely by Macy's, and were therefore private individuals engaged in private action. [Id.]. Therefore, based on these facts, the parties agreed that the Fourth Amendment was not implicated with regard to this incident. [Id. at 3, 5-6].

After the evidentiary hearing was held on July 28, 2010, see [Doc. 63],[4] Spencer withdrew as counsel for defendant, [Doc. 68], and the Court appointed Adam Marshall Hames ("Hames") to represent defendant, [Doc. 71]. On October 8, 2010, Hames moved to withdraw as counsel for defendant, [Doc. 79], and the motion was granted on October 18, 2010, [Doc. 89]. Thereafter, the Court appointed Timothy R. Saviello ("Saviello") to represent defendant. [Doc. 90]. After the parties briefed the remaining issues,[5] a Report and Recommendation was issued on May 4, 2011, recommending, among other things, that defendant's motions to suppress be

---

[4] At the outset of the evidentiary hearing on July 28, 2010, the government announced that with regard to the defendant's arrest on May 1, 2009, it did not intend to offer at trial any statements defendant made on that occasion and there was no evidence seized from his vehicle or person, so it regarded that issue raised in defendant's motion to suppress to be moot. [Doc. 63 at 3-4]. Thus, the primary issue challenged at the evidentiary hearing on July 28, 2010, was evidence seized following a March 6, 2010, traffic stop, which was the basis of a motion to suppress filed by co-defendant Adigun. See [id. at 3-6]; see also [Doc. 32].

[5] In particular, on December 3, 2010, defendant, by and through Saviello, filed his post-hearing brief in support of his motion to suppress evidence, in which he only addressed the execution of a search warrant for the Lincoln Navigator on November 12, 2007, and the traffic stop that occurred on March 6, 2010. [Doc. 99].

denied.[6] [Doc. 123]. On May 24, 2011, defendant, by and through Saviello, filed his objections to the Report and Recommendation, [Doc. 126], in which he only addressed the November 12, 2007, search of the Lincoln Navigator and the March 6, 2010, traffic stop. On June 3, 2011, the Honorable Richard W. Story, United States District Judge, adopted the Report and Recommendation, [Doc. 129], and on June 10, 2011, Saviello moved to withdraw as counsel for defendant based on his acceptance of a full-time academic position, [Doc. 130], and the motion was granted on June 13, 2011, [Doc. 131]. On June 16, 2011, this Court appointed defendant's current counsel, L. Burton Finlayson ("Finlayson") to represent defendant. [Doc. 132].

On July 19, 2011, defendant, by and through Finlayson, filed the present motion to remand and request for leave to file additional pretrial motions to suppress, [Doc. 133], as well as several motions to suppress, [Docs. 134, 135, & 136],

---

[6] Specifically, the Report and Recommendation noted that defendant's motions were "vaguely worded, raising a general challenge to arrests and searches during a span of years, largely unsupported by any argument or brief." [Doc. 123 at 4 n.1]. It was further noted that the government had "stipulated that it [did] not intend to use any statements arising from [defendant's] May 2009 arrest," and that defendant's "brief in support of his motions, [Doc. 99], addresse[d] only the March 6, 2010, vehicle stop in which Adigun was arrested, and join[ed] Adigun's brief in support of her motion to suppress the November 12, 2007, warrant search of the Lincoln Navigator." [Id.]. Therefore, the Court only addressed these issues in the Report and Recommendation and deemed "any other challenges initially raised by [defendant's] motions as abandoned." [Id.].

which Judge Story referred to the undersigned Magistrate Judge for consideration, [Doc. 137]. After a hearing held on September 15, 2011, defendant withdrew his request to pursue one of his motions to suppress, [Doc. 145], and therefore only seeks an evidentiary hearing with regard to his request to file motions to suppress evidence in relation to the arrest at the Macy's department store on September 30, 2007, and the traffic stop and arrest that occurred on May 1, 2009, see [Doc. 146], which the government opposes, contending that defendant waived his right to file these motions under Rule 12(e) of the Federal Rules of Criminal Procedure through his prior counsel, and that he has failed to show good cause to excuse this waiver. [Doc. 147 at 2-7].[7]

## II. DISCUSSION

"Federal Rule of Criminal Procedure 12(b) provides that a motion to suppress evidence must be made before trial," United States v. Garrett, 388 F. App'x 888, 891 (11th Cir. 2010) (per curiam) (unpublished) (citing Fed. R. Crim. P. 12(b)(3)(c)), and "within the deadline set by the Court," United States v. Gonzalez, Criminal Action File No. 1:09–CR–00371–TWT/AJB, 2010 WL 2721882, at *5 (N.D. Ga. May 25, 2010), adopted by 2010 WL 2721540, at *1 (N.D. Ga. July 7, 2010) (citation omitted). "Rule

---

[7] The government also contends that even if defendant has not waived these motions, his perfected motion with regard to his arrest inside Macy's department store on September 30, 2007, does not warrant an evidentiary hearing. [Doc. 147 at 7-12].

6

12(e) further provides that '[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides.'" Garrett, 388 F. App'x at 891 (alteration in original) (quoting Fed. R. Crim. P. 12(e)). "Waiver not only plainly applies to an unmade pre-trial objection but also to an objection initially made but subsequently withdrawn or abandoned." United States v. Redman, 331 F.3d 982, 986-87 (D.C. Cir. 2003) (citation omitted). "However, '[f]or good cause, the court may grant relief from the waiver.'" Garrett, 388 F. App'x at 891 (alteration in original) (quoting Fed. R. Crim. P. 12(e)); see also United States v. Castellanos, 428 F. App'x 949, 958 (11th Cir. 2011) (unpublished); United States v. Mwangi, Criminal File No. 1:09–CR–107–TWT, 2010 WL 520793, at *5 (N.D. Ga. Feb. 5, 2010), adopted at *1.

In the present case, the Court granted a continuance of the initial pretrial motions deadline and set a new deadline of June 1, 2010, [Doc. 33], and then granted an oral motion to perfect the motions to suppress that had already been filed, effectively extending the deadline to June 23, 2010, [Doc. 40]. Defendant, by and through Spencer, timely filed motions to suppress evidence with regard to warrantless arrests made during the years from 2006 through 2009. [Doc. 37]. Subsequently, on June 28, 2010, defendant, by and through Spencer, filed a timely perfected motion to suppress in which he specified that he sought to suppress

7

evidence seized pursuant to a search warrant from a Lincoln Navigator on November 12, 2007, evidence seized following his arrest inside a Macy's department store on September 30, 2007, and evidence seized following a traffic stop and arrest made on May 1, 2009. [Doc. 46]. However, as noted already, prior to and at the outset of the suppression hearing, the parties narrowed the issues being challenged to evidence seized following the November 12, 2007, search of the Lincoln Navigator and the March 6, 2010, traffic stop. See [Doc. 63 at 3-6 & Doc. 142].

After the evidentiary hearing, Spencer was permitted to withdraw as counsel for defendant, [Doc. 68], and Hames was appointed, [Doc. 71]. However, due to a conflict that arose between Hames and defendant, Hames was permitted to withdraw from the case, [Doc. 89], and Saviello was appointed as new counsel, [Doc. 90]. Thereafter, Saviello, on behalf of defendant, filed a post-hearing brief in which he only addressed the narrowed issues regarding the execution of a search warrant for the Lincoln Navigator on November 12, 2007, and the traffic stop that occurred on March 6, 2010. [Doc. 99]. Therefore, in the Report and Recommendation, the Court deemed all other issues initially raised in defendant's motions to suppress to have been abandoned. [Doc. 123 at 4 n.1]. Defendant did not object to this ruling in the Report and Recommendation, see [Doc. 126], thereby waiving further review. Fed. R. Crim. P. 59(b) (2). After reviewing defendant's objections, Judge Story

adopted the Report and Recommendation, [Doc. 129], and the trial of the case was scheduled to begin on September 26, 2011, [Doc. 138].

Defendant, through his current counsel, now seeks to re-visit two suppression issues initially raised by defendant's previous counsel, but then subsequently abandoned and waived. [Docs. 133, 135, & 136]. However, it is clear that under Rule 12(e) of the Federal Rules of Criminal Procedure, defendant has waived these issues, and he has not shown any "good cause" to excuse this waiver.[8] Redman, 331 F.3d at 986-87; United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990) (affirming ruling that issue was waived where it was untimely). Furthermore, the appearance of new counsel does not require the district court to grant relief from the waiver imposed by Rule 12(e). See United States v. Taylor, 792 F.2d 1019, 1025 (11th Cir. 1986) ("We are sympathetic to [the] argument that a defendant should not be

---

[8] To the extent defendant is arguing ineffective assistance of counsel as "good cause" to "hear these motions now, rather than in a future 28 U.S.C. § 2255 proceeding," [Doc. 148 at 4], this argument is misplaced. Indeed, ineffective assistance claims raised for the purpose of showing "good cause" under Rule 12(e) are "not ripe for review" and "are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." United States v. Jones, No. 3:07-CR-162, 2009 WL 1471807, at *4 (E.D. Tenn. May 27, 2009) (rejecting defendant's argument that he has shown good cause to excuse the waiver due to the alleged ineffective assistance of his prior attorney); see also United States v. Lopez-Medina, 461 F.3d 724, 738-39 (6th Cir. 2006) (finding defendant's "ineffective assistance claim is not ripe for review, and [defendant] therefore, cannot, at this point, demonstrate 'good cause' to excuse his waiver under Rule 12(e)").

9

penalized for the inadvertence of his or her counsel but are at a loss to see how we can hold that a district court must entertain a suppression motion untimely filed due to inadvertence of counsel without completely eviscerating Rule 12(b)(3)"); United States v. Davis, No. CR10–0041, 2011 WL 1743666, at *4 (N.D. Iowa May 4, 2011), adopted by 2011 WL 1885529, at *3 (N.D. Iowa May 18, 2011) ("[T]he retention of new counsel is not sufficient to establish good cause to justify relief from the waiver provisions of Rule 12(e)."). In fact, "[i]t is the general rule that a client is bound by the acts of his attorney including any waivers made by counsel," and "since it is the party, not the attorney, who is bound, it follows that a shift in counsel would not vacate prior actions." Plaintiff B v. Francis, No. 5:08cv79-RS/AK, 2009 WL 455392, at *1 (N.D. Fla. Feb. 23, 2009) (emphasis and citations omitted). Therefore, "if the failure to timely file [or decision to abandon] occurred as a result of a lawyer's conscious decision not to file [or to pursue] a pretrial motion before the deadline, the party seeking a waiver will not be able to establish good cause." United States v. Walden, 625 F.3d 961, 965 (6th Cir. 2010) (citations omitted). That is, "[a] strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client are all insufficient to establish 'cause.'" United States v. Yousef, 327 F.3d 56, 125 (2d Cir. 2003) (citations omitted). "To hold otherwise would wreak havoc on the judicial system and provide an

10

incentive for a dilatory and obstructive party to change counsel simply to avoid the agreements and obligations made by prior counsel and to cause a purposeful and unending delay." Plaintiff B, 2009 WL 455392, at *1.

Defendant's prior counsel, Spencer, initially raised the issues Finlayson now seeks to pursue, but then he affirmatively abandoned the Macy's issue at the conference prior to the evidentiary hearing, see [Doc. 142 at 2-6], and confirmed this abandonment by not addressing either the Macy's issue or the May 1, 2009, traffic stop at the evidentiary hearing, see [Doc. 63]. Defendant's subsequent counsel, Saviello, also abandoned the issues by not addressing them in his post-hearing brief and waived any review by not raising objections to the Report and Recommendation regarding these issues and the ruling that they had been abandoned. See [Docs. 99 & 126]. Thus, defendant is bound by these strategic, conscious decisions made by defendant's prior counsel, and defendant is not now permitted through new counsel to re-visit those issues affirmatively abandoned.[9] See United States v. Trancheff, 633

---

[9] To the extent defendant attempts to show good cause based on his representation that his prior counsel abandoned the motions without his authorization, see [Doc. 148 at 4], this argument is without merit. "A criminal defense attorney is obligated to follow his client's wishes only with regard to the fundamental issues that must be personally decided by the client." United States v. Chapman, 593 F.3d 365, 369 (4th Cir. 2010). "As to those limited issues– pleading guilty, waiving a jury, taking the stand, and appealing a conviction or sentence– an attorney must both consult with the defendant and obtain consent to the recommended course of action." Id. (internal marks and citation omitted). However, "[i]f the decision is a tactical one left to the sound judgment of counsel,

11

F.3d 696, 698 (8th Cir. 2011) (per curiam) ("The desire to suppress incriminating evidence and the retention of new counsel are not by themselves sufficient to establish good cause to justify relief from a waiver of defense, objection, or request under Rule 12." (citation omitted)). Accordingly, it is hereby **RECOMMENDED** that defendant's "Motion for Remand to the Magistrate Judge and Request for Leave to File Additional Motions," [Doc. 133], along with his additional suppression motions, [Docs. 135 & 136], be **DENIED**.

Alternatively, even if defendant had not waived his right to pursue these motions to suppress, his perfected motion with regard to the arrest at the Macy's department store on September 30, 2007, fails to allege sufficient facts to warrant an evidentiary hearing under United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985). At the hearing held on August 26, 2011, the Court advised counsel for defendant that he must demonstrate that there is some genuine dispute as to the facts regarding the Macy's arrest as represented to the Court on July 16, 2010, which

---

the decision must be just that– left to the judgment of counsel," and "[c]ounsel need not consult with the client about the matter or obtain the client's consent." Id. (citation omitted). For example, whether to file or pursue a pretrial motion to suppress "is a classic tactical decision" left to counsel, and it remains counsel's decision even if the defendant disagrees. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998); see also Nieto v. United States, Nos. 1:08–cv–150, 1:05–cr–6, 2011 WL 4473778, at *10 (E.D. Tenn. Sept. 26, 2011) ("Even if a [suppression] motion is potentially meritorious, the decision of whether to file such a motion is a tactical one."). Accordingly, this argument fails to establish good cause for excusing the waiver.

prior counsel did not dispute in deciding to abandon the motion to suppress. See [Doc. 141]. However, defendant's perfected motion fails to allege facts that are "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented," Richardson, 764 F.2d at 1527 (citations omitted), and is therefore due to be denied on this basis as "[a] court need not act upon general or conclusory assertions founded on mere suspicion or conjecture," id. (citation omitted); see also United States v. Hyatt, 383 F. App'x 900, 906 (11th Cir. 2010) (per curiam) (unpublished) (citation omitted) ("The Fourth Amendment proscribes only governmental action-accordingly, it does not apply to a search conducted by a private individual, even if that search constitutes an invasion of another individual's privacy"); United States v. Ford, 765 F.2d 1088, 1089-90 (11th Cir. 1985) (per curiam) (citations omitted) ("The Fourth Amendment proscribes only governmental action and therefore a search by a private individual does not raise Fourth Amendment implications."); United States v. Davis, No. 08-80119-CR, 2009 WL 150663, at * (S.D. Fla. Jan. 21, 2009) (internal marks omitted) (quoting United States v. Jacobsen, 466 U.S. 109, 113 (1984) (citation omitted)) ("The Fourth Amendment proscribes only governmental action-it is 'wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not

acting as an agent of the Government or with the participation or knowledge of any government official.'").

Additionally, an evidentiary hearing is not necessary with regard to the traffic stop that occurred on May 1, 2009, because the government has represented that it does not intend to offer any statements defendant made on that date and no evidence was seized as a result of the stop and arrest, but it may seek to introduce a booking photograph and fingerprints obtained following that arrest solely for the purpose of proving identity, if necessary. To the extent the government seeks to introduce defendant's photograph and fingerprints solely for identification purposes, "identity-related evidence is not suppressible when offered in a criminal prosecution only to prove who the defendant is." United States v. Vasquez-Garcia, 344 F. App'x 591, 592 (11th Cir. 2009) (per curiam) (unpublished) (citing United States v. Farias-Gonzalez, 556 F.3d 1181, 1182, 1189 (11th Cir. 2009)).[10]

---

[10] Moreover, since the government announced at the outset of the evidentiary hearing on July 28, 2010, that it did not intend to offer at trial any statements or evidence obtained from the May 1, 2009, stop and arrest of defendant, other than some mail found abandoned on the sidewalk, and that it viewed the issue as moot, [Doc. 63 at 3-4], the defendant's concern about his photograph and fingerprints from the May 1, 2009, arrest being offered for any purpose other than identification appears to be moot.

14

## III.  CONCLUSION

For the foregoing reasons and cited authority, it is **RECOMMENDED** that defendant's "Motion for Remand to the Magistrate Judge and Request for Leave to File Additional Motions," [Doc. 133], and his additional motions to suppress evidence, [Docs. 135 & 136], be **DENIED**.

**IT IS SO RECOMMENDED**, this 21st day of October, 2011.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE