UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

-vs-                                                              Case No. 1:10-CR-202-02-RWS

**CHUKWUKA ONYEKABA**
a/k/a Gabriel Onyekaba                                 Defendant's Attorney:
                                                                        L. Burton Finlayson

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant was found guilty by jury on Count(s) of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 U.S.C. § 1029(b)(2) | Conspiracy to Possess Unauthorized Access Devices | 1 |
| 18 U.S.C. §§ 1029(a)(3) & 2 | Access Device Fraud | 2 |
| 18 U.S.C. §§ 1029(a)(5) & 2 | Access Device Fraud | 3-7 & 34 |
| 18 U.S.C. §§ 1028A(a)(1) & 2 | Aggravated Identity Theft | 8-12, 32, 35, 38, 40, 42 & 46 |
| 18 U.S.C. § 1708 | Mail Fraud | 30 |
| 18 U.S.C. §§ 1029(a)(2) & (b)(1) & 2 | Attempted Access Device Fraud | 31 |
| 18 U.S.C. §§ 1029(a)(2) & 2 | Access Device Fraud | 33, 36, 37, 39, 41 & 45 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining counts are hereby dismissed without prejudice pursuant to Standing Order 07-04.

It is ordered that the defendant shall pay the special assessment of **$ 2,700.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No. XXX-XX-6669            Date of Imposition of Sentence: October 2, 2012
Defendant's Date of Birth: 1977
Defendant's Mailing Address:
Unknown

Signed this the _____ day of October, 2012.

                                                                        RICHARD W. STORY
                                                                        UNITED STATES DISTRICT JUDGE

1:10-CR-202-02-RWS : CHUKWUKA ONYEKABA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **54 months as to each of Counts 1 and 30 to run concurrently; 54 months as to each of Counts 2-7, 31, 33, 34, 36, 37, 39, 41, 45 to run concurrently with each other and concurrently with Counts 1 and 30; and 24 months as to each of Counts 8-12, 32, 35, 38, 40, 42 and 46, to run concurrently with each other and consecutively to Counts 1-7, 30, 31, 33, 34, 36, 37, 39, 41 and 45, for a total term of 78 months.** The defendant shall receive credit for his time in custody since May 12, 2010.

The defendant is remanded to the custody of the United States Marshal.

The Court recommends to the Bureau of Prisons: The defendant shall be designated to a facility close to Marietta, Georgia for service of sentence.

Upon completion of the term of imprisonment, and release from the custody of the Bureau of Prisons, the defendant is to be turned over to a duly-authorized immigration official for appropriate removal proceedings from the United States, pursuant to 18 U.S.C. § 3583(d) in accordance with the Immigration and Nationality Act. The defendant shall not reenter the United States unless he applies and receives permission for the Secretary of Homeland Security to legally enter the United States.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:10-CR-202-02-RWS : CHUKWUKA ONYEKABA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**. This term consists of terms of 3 years on each of Counts 1-7, 30, 31, 33, 34, 36, 37, 39, 41, 45, and 1 year as to each of Counts 8-12, 32, 35, 38, 40, 42, and 46, all such terms to run concurrently.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

Pursuant to 42 U.S.C. 14135a(d)(1) and 10 U.S.C. 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony, the defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall submit to a search of his person, property(real, personal, or rental), residence, office, and/or vehicle, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer and unless the defendant is in compliance with the installment payment schedule.

Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of at least $150.00, plus 25% of gross income in excess of $2,300.00 per month. Restitution payments shall commence after release from imprisonment.

The Court will suspend interest payments of the restitution.

Upon completion of the term of imprisonment, and release from the custody of the Bureau of Prisons, the defendant is to be turned over to a duly-authorized immigration official for appropriate removal proceedings from the United States, pursuant to 18 U.S.C. § 3583(d) in accordance with the Immigration and Nationality Act. The defendant shall not reenter the United States unless he applies and receives permission for the Secretary of Homeland Security to legally enter the United States.

1:10-CR-202-02-RWS : CHUKWUKA ONYEKABA

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:10-CR-202-02-RWS : CHUKWUKA ONYEKABA

# RESTITUTION

The defendant shall make $383,123.06 in restitution jointly and severally with co-defendant, Opeoluwa Adigun as follows:

| Name of Payee | Amount of Restitution |
|---|---|
| Discover<br>Jerry Brown, Southeastern Regional Field Inv.<br>2900 Delk Road, Suite 700, PMB 16<br>Marietta, Georgia 30067 | $30,265.42 |
| BB&T<br>Tom McKoy, Corporate Investigator<br>8458 Campbellton Street<br>Douglasville, Georgia 30134 | $26,036.33 |
| American Express<br>Attn: Rob Simpson<br>3600 Dallas Highway, Suite 230, PMB106<br>Marietta, Georgia 30064 | $35,710.19 |
| Barclays<br>Steve Lenderman, Special Inv.<br>Credit Risk Managment<br>125 S. West Street<br>Wilmington, Delaware 19801 | $4,955.61 |
| Chase Bank<br>Attn: Jeremy Geisel<br>4900 Memorial Highway, #FL2-3401<br>Tampa, Florida 33634 | $205,728.61 |
| GE Consumer Finance<br>Attn: Valerie Selby<br>950 Forrer Boulevard<br>Ketering, Ohio 45420 | $8,718.29 |
| SunTrust Bank<br>Attn: Jim Harper<br>285 Peachtree Center Avenue, Suite 03300<br>Atlanta, Georgia 30303 | $587.05 |
| Citibank<br>Attn: Steve Bishop<br>P.O. Box 4192<br>Midlothian, Virginia 23112 | $37,041.45 |
| Capital One<br>Attn: Kenny Rivers, Fraud Investigator<br>4851 Cox Road, 2nd Floor<br>Glen Allen, Virginia 23060 | $16,882.61 |

1:10-CR-202-02-RWS : CHUKWUKA ONYEKABA

| | |
|---|---|
| Bank of America<br>Attn: Marcia Rasmussen<br>1825 E. Buckeye Road<br>(AZ9-508-02-43)<br>Phoeniz, Arizona 85034 | $12,198.00 |
| Regions Bank<br>Attn: Carlton Leatherman<br>Corporate Security Investigator<br>6636 Church Street<br>Douglasville, Georgia 30134 | $4,999.50 |

## FINE

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court will waive the fine and cost of incarceration in this case.